United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,  )<br>                             )<br>        v.                   )<br>                             )<br> Brandy Soto-Lara,           )<br>                             )<br>        Defendant.           )<br>                             ) | Criminal Action No.<br>23-10027-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Before the Court is the motion of defendant, Brandy Soto-Lara ("defendant") to reduce his sentence pursuant to 18 U.S.C. §3582(c). For the following reasons, the motion will be denied.

Defendant was charged with and subsequently pled guilty to one count of possession with intent to distribute cocaine and fentanyl in violation of 21 U.S.C. §841(a)(1). On January 17, 2024, defendant was sentenced to 60 months in prison. Now, defendant claims that his sentence should be reduced to 46 months based on an amendment to the Sentencing Guidelines.

Generally, a district court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. §3582(c). A court may, however, reduce a defendant's sentence retroactively if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. §3852(c)(2); see Dillon v. United States, 560 U.S. 817, 819 (2010).

- 1 -

Here, defendant relies on Amendment 821 to the Sentencing Guidelines Manual as his basis for a sentence reduction. His reliance is misplaced. Defendant's sentencing hearing took place on January 17, 2024, at which time Amendment 821 was already in effect. See U.S.S.G. 1B1.10 & cmt. 7 (noting that Amendment 821 took effect on November 1, 2023, for the prospective application to prison sentences on and after February 1, 2024). Because Amendment 821 was already in effect, it is not a "subsequent[]" amendment to the Sentencing Guidelines that can form the basis of a viable motion for retroactive sentencing reduction. See 18 U.S.C. §3852(c)(2) (permitting modification of sentences if guideline range "has subsequently been lowered"); see also United States v. Perez-Figueroa, 658 F. App'x 588, 591 (1st Cir. 2016) (describing reliance on Sentencing Guideline amendment that was already effective at time of sentencing as "misplaced"). Defendant's motion to reduce his sentence will therefore be denied.

## ORDER

For the foregoing reasons, the motion of defendant, Brandy Soto-Lara, to reduce his sentence pursuant to 18 U.S.C. §3852(c) (Docket No. 124) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: February 11, 2025